## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION

| | |
|---|---|
| Cruz Miguel Aguina Morales, as Administrator of the Estate of **MIGUEL ANGEL SALAS MORALES**, | Case No.: |
| | Judge |
| Juan Francisco Salas, as Administrator of the Estate of **MIGUEL SALAS MORENO**, | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **JUANA M. SALAS**, Individually and as Guardian and Parent of **LUIS SALAS MORENO**, | Arnulfo Gonzalez, Jr. (TX 0813300) Law Office of Arnuflo Gonzalez, Jr. 1510 Calle Del Norte, Suite 16 Laredo, TX 78043 fofo@netscorp.net |
| and | |
| **MARIA DE LOS ANGELES AMAYA ALMARAZ** | Michael Jay Leizerman (OH 0063945) Rena Mara Leizerman (OH 0087151) E.J. Leizerman & Associates, LLC 717 Madison Avenue Toledo, OH 43604 michael@leizerman.com rena@leizerman.com |
| Plaintiffs, v. | |
| **REDCO TRANSPORT, LTD.**, | Marie D. Lang (NC State Bar 27409 and VA State Bar 29740) Law Offices of James Scott Farrin 280 S. Mangum Street, Suite 400 Durham, NC 27701 mlang@farrin.com |
| **HALLMARK COUNTY MUTUAL INSURANCE COMPANY**, | |
| **RED CARRIER, LLC,** | Attorneys for Plaintiffs |
| **TRANSPORTES DE CARGA FEMA S.A. de C.V.**, | |
| **JOHN DOE INSURANCE COMPANY** (Insurer of Tranportes de Carga Fema S.A. de C.V.), | |
| **SAMUEL F. RICO,** | |
| **THE ESTATE OF SAMUEL F. RICO,** | |
| **CARLOS FERNANDEZ (aka CARLOS ALBERTO FERNANDEZ MARTINEZ),** | |

**LORENA MARTINEZ,**    )
    )
**ALFREDO RAMIREZ,**    )
    )
**MEJIA Y GOMEZ SANUDO S.C.,**    )
    )
**FERNANDO MEJIA**    )
**DBA MEJIA Y GOMEZ SANUDO**    )
**S.C.,**    )
    )
**JOHN DOE BROKER**    )
**(Broker of load in question)**    )
    )
**SAMSUNG ELECTRONICS**    )
**AMERICA, INC.,**    )
    )
**SAMSUNG AMERICA,**    )
    )
and    )
    )
**SAMSUNG ELECTRONICS MEXICO**    )
**S.A. de C.V.,**    

       Defendants.

## OVERVIEW AND JURISDICTION

1.  On August 12, 2013, a tractor trailer loaded with Samsung Electronics refrigerators crossed the solid white line delineating the travel lane from the shoulder of the road.  The tractor trailer drove off the side of the road and crashed into a van parked on the shoulder of Interstate 20 in Louisiana.  The crash killed a 10-year old boy, Miguel Salas Moreno, his father, Miguel Angel Salas Morales, and the driver of the tractor trailer.  The crash caused serious physical and emotional injuries to passengers in the van, namely Miguel Angel Salas Morales' wife, Juana M. Salas; his surviving 13-year old son Luis Salas Moreno; and Juana's mother, Maria De Los Angeles Amaya Almaraz.

2.  Defendants Transportes de Carga Fema S.A. de C.V. ("FEMA") and Redco Transport, LTD ("Redco") were motor carriers for this load; both USDOT numbers were displayed on the truck. FEMA, a Mexican motor carrier with United States operating authority, was ranked by the U.S. Federal Government as exceeding the federal safety intervention threshold (100/100—the worst possible rating, which is extremely rare) in the areas

of driver fitness and vehicle maintenance. Redco was ranked in the top 2% of the worst motor carriers (98/100) in the area of driver fitness. The USDOT has rescinded Redco's ability to operate as a motor carrier in the United States due to an unsatisfactory fitness rating based on conditions at the time of this collision and repeated refusal to operate safely and in compliance with federal regulations. At the time of the fatal collision described in this Complaint, it appears that Samuel F. Rico fell asleep and ran off the road.

3.  This diversity action is brought under 28 U.S.C. Section 1332.

   a. Defendant Redco Transport, Ltd. ("Redco") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Laredo, Texas.

   b. Defendant Red Carrier, LLC ("Red Carrier") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Laredo, Texas.

   c. Defendant Hallmark County Mutual Insurance Company ("Hallmark Insurance") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Fort Worth, Texas.

   d. Defendant Transportes De Carga Fema S.A. de C.V. ("FEMA") is a corporation organized and existing under the laws of Mexico, with a primary mailing address in Laredo, Texas and USDOT No. 1175018.

   e. Defendants Carlos Fernandez and Lorena Martinez are citizens of Texas, residing at 603 Grand Central Blvd, Laredo, TX 78045.

   f. Defendant Fernando Mejia is a citizen of Mexico, doing business as Mejia Y Gomez Sanudo S.C., a corporation organized and existing under the laws of Mexico.

   g. Defendant Alfredo Ramirez is a citizen of Texas.

   h. Defendant Samsung Electronics America, Inc. ("Samsung Electronics America") is a corporation organized and existing under the laws of the State of New York with its principal place of business in Ridgefield Park, New Jersey. Defendant Samsung Electronics Mexico S.A. de C.V. ("Samsung Mexico") is the Mexican affiliate of Defendant Samsung America. ("Samsung America") All Samsung defendants are collectively referred to as "The Samsung Defendants."

i. Defendant Samuel F. Rico (deceased) was a resident and citizen of Mexico at the time of the collision.

j. Plaintiff Juana M. Salas is a resident of the State of North Carolina. Plaintiff Luis Salas Moreno is a citizen and resident of the State of North Carolina. Plaintiff Miguel Angel Salas Morales (deceased) was a resident of the State of North Carolina and Plaintiff Miguel Salas Moreno (deceased) was a citizen and resident of the State of North Carolina and their estates are probated there. Plaintiff Maria De Los Angeles Amaya Almaraz is a resident and citizen of Mexico. All Plaintiffs are collectively referred to as "The Salas Family".

k. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

l. Venue is proper in this Court under USC Title 28, §1391 b(2) and (3).

m. This Court is the most convenient forum given that this is a clear liability collision and the motor carriers in question and their owners reside in the Southern District of Texas or Mexico and a substantial part of the contractual relationship between the broker/ shippers in this case (John Doe Broker and The Samsung Defendants) and motor carriers FEMA and Redco occurred in Texas or Mexico.

## **FIRST CAUSE OF ACTION**
### *Negligence of Samuel F. Rico*

4. All allegations above are incorporated into this cause of action by reference.

5. On or about August 12, 2013, Defendant Samuel F. Rico was operating a tractor trailer eastbound on I20 when he ran off the road and crashed into a van stopped on the right shoulder.

6. Defendant Samuel F. Rico had a duty to operate his tractor-trailer in a safe and reasonable manner and to maintain his lane of travel.

7. Defendant Samuel F. Rico failed in the above-mentioned duties and was therefore negligent.

8. Defendant Samuel F. Rico's negligence was the direct and proximate cause of the death and injuries of Miguel Angel Salas Morales, Miguel Salas

Moreno, Juana M. Salas, Luis Salas Moreno and Maria De Los Angeles Almaya Almaraz

9. Plaintiffs demand compensatory damages against Defendant Samuel F. Rico and his estate.

## SECOND CAUSE OF ACTION
*Statutory Violations of Samuel F. Rico*

10. All allegations and causes of action above are incorporated into this cause of action by reference.

11. Defendant Samuel F. Rico violated numerous state and federal statutes and regulations, including 49 C.F.R. §§350-399, specifically including, but not limited to, 49 C.F.R. §392.3 and 395.8:

    a. Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. §383.111;

    b. Failing to have required skills in vehicle operation in violation of 49 C.F.R. §383.113;

    c. Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. §390.3;

    d. Failing to operate his vehicle and equipment in violation of 49 C.F.R. §392.2;

    e. Failing to operate his vehicle while fatigued in violation of 49 C.F.R. §392.3;

12. Defendant Samuel F. Rico's statutory violations directly and proximately caused The Salas Family's deaths and injuries.

13. Defendant Samuel F. Rico is negligent *per se* based on these statutory and regulatory violations.

14. Plaintiffs demand compensatory damages against Defendant Samuel F. Rico and his estate.

## THIRD CAUSE OF ACTION
*Claim for Exemplary Damages against Samuel F. Rico*

15. All allegations and causes of action above are incorporated into this cause of action by reference.

16. Defendant Samuel F. Rico's actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

17. Defendant Samuel F. Rico's acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant Samuel F. Rico and his estate.

## FOURTH CAUSE OF ACTION
*Vicarious Liability of Redco*

18. All allegations and causes of action above are incorporated into this cause of action by reference.

19. Defendant Samuel F. Rico was the employee, agent, servant, or independent contractor for Defendant Redco. Accordingly, Defendant Redco is vicariously liable for the acts of Defendant Samuel F. Rico for the causes of action above.

## FIFTH CAUSE OF ACTION
*Strict Liability of Redco*

20. All allegations and causes of action above are incorporated into this cause of action by reference.

21. Regardless of employment relationship, Defendant Redco is the registered owner of the USDOT number 1670585 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

## SIXTH CAUSE OF ACTION
*Negligence of Redco*

22. All allegations and causes of action above are incorporated in this cause of action by reference.

23. Defendant Redco had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

24. Defendant Redco failed in the above-mentioned duties and was therefore negligent.

25. Defendant Redco's negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

## SEVENTH CAUSE OF ACTION
*Statutory Violations of Redco*

26. All allegations and causes of action above are incorporated into this cause of action by reference.

27. Defendant Redco violated and encouraged Defendant Samuel F. Rico to violate state and federal statutes and regulations, including but not limited to 49 C.F.R. §§350-399 (specifically including, but not limited to, 49 C.F.R. §392.3 and §395.8.) Defendant Redco's statutory violations directly and proximately caused The Salas Family's deaths and injuries.

28. Defendant Redco is negligent per se based on these statutory and regulatory violations.

## EIGHTH CAUSE OF ACTION
*Claim for Exemplary Damages against Redco*

29. All allegations and causes of action above are incorporated into this cause of action by reference.

30. Defendant Redco's actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

31. Defendant Redco's acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant Redco.

### NINTH CAUSE OF ACTION
*Vicarious Liability of FEMA*

32. All allegations and causes of action above are incorporated into this cause of action by reference.

33. Defendant Samuel F. Rico was the employee, agent, servant, or independent contractor for FEMA. Accordingly, FEMA is vicariously liable for the acts of Defendant Samuel F. Rico for the causes of action above.

### TENTH CAUSE OF ACTION
*Strict Liability of FEMA*

34. All allegations and causes of action above are incorporated into this cause of action by reference.

35. Regardless of employment relationship, FEMA is the registered owner of the USDOT number 1670585 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

### ELEVENTH CAUSE OF ACTION
*Negligence of FEMA*

36. All allegations and causes of action above are incorporated in this cause of action by reference.

37. Defendant FEMA had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

38. Defendant FEMA had a duty to reasonably investigate and to hire a reasonably safe motor carrier to haul the shipment in question.

39.  Defendant FEMA had a duty to act reasonably in hiring, entrusting, supervising and retaining Defendant Redco to transport cargo in interstate commerce.

40.  Defendant FEMA breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carrier, and those breaches directly and proximately caused the damages described in causes of action above.

41.  In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, and/or freight forwarder, FEMA knew, or should have known, and should not have ignored, such facts and indications of Redco's unfitness to operate safely and comply with the duties of an interstate commercial carrier.

42.  Defendant FEMA failed in the above-mentioned duties and was therefore negligent.

43.  Defendant FEMA's negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

## TWELFTH CAUSE OF ACTION
### *Statutory Violations of FEMA*

44.  All allegations and causes of action above are incorporated into this cause of action by reference.

45.  Defendant FEMA violated and encouraged Defendant Samuel F. Rico to violate state and federal statutes and regulations, including but not limited to 49 C.F.R. §§350-399 (specifically including, but not limited to, 49 C.F.R. § 392.3, §396.5b and §393.75a.) Defendant FEMA's statutory violations directly and proximately caused The Salas Family's deaths and injuries.

46.  Defendant FEMA is negligent per se based on these statutory and regulatory violations.

## THIRTEENTH CAUSE OF ACTION
### *Claim for Exemplary Damages against FEMA*

47.  All allegations and causes of action above are incorporated into this cause of action by reference.

48.  Defendant FEMA's actions demonstrate gross negligence and willful conduct, including a conscious disregard and wanton and reckless

disregard for the rights and safety of The Salas Family and the rest of the public. Plaintiffs demand exemplary damages against Defendant FEMA.

49. Defendant FEMA's acts and omissions, when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant FEMA.

## FOURTEENTH CAUSE OF ACTION
*Direct Action against Hallmark Insurance, Insurance Company For Redco*

50. All allegations and causes of action above are incorporated into this cause of action by reference.

51. At the time of the accident, Defendant Hallmark Insurance had in full force and effect a policy of liability insurance, under the terms, conditions and provisions of which said company assumed liabilities for damages of Defendant Redco such as those sued for in this Complaint.

## FIFTEENTH CAUSE OF ACTION
*Direct Action against John Doe Co, Insurance Company for FEMA*

52. All allegations and causes of action above are incorporated into this cause of action by reference.

53. At the time of the accident, defendant, John Doe Insurance Company (insurer of Transportes de Carga Fema S.A. de C.V., whose name has yet to be determined despite efforts by Plaintiffs) had in full force and effect a policy of liability insurance, under the terms, conditions and provisions of which said company assumed liabilities for damages of Defendant FEMA such as those sued for in this Complaint.

## SIXTEENTH CAUSE OF ACTION
*Vicarious Liability of Red Carrier*

54. All allegations and causes of action above are incorporated into this cause of action by reference.

55. Defendant Samuel F. Rico was the employee, agent, servant, or independent contractor for Defendant Red Carrier. Accordingly, Defendant

Red Carrier is vicariously liable for the acts of Defendant Samuel F. Rico for the causes of action above.

## SEVENTEENTH CAUSE OF ACTION
*Negligence of Red Carrier*

56. All allegations and causes of action above are incorporated in this cause of action by reference.

57. Defendant Red Carrier had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

58. Defendant Red Carrier failed in the above-mentioned duties and was therefore negligent.

59. Defendant Red Carrier's negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

## EIGHTEENTH CAUSE OF ACTION
*Claim for Exemplary Damages against Red Carrier*

60. All allegations and causes of action above are incorporated into this cause of action by reference.

61. Defendant Red Carrier's actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public. Plaintiffs demand exemplary damages against Defendant Red Carrier.

62. Defendant Red Carrier's acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant Red Carrier.

## NINETEENTH CAUSE OF ACTION
*Negligence of Carlos Fernandez (aka Carlos Alberto Fernandez Martinez)*

63. All allegations and causes of action above are incorporated into this cause of action by reference.

64. Defendant Carlos Fernandez had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

65. Defendant Carlos Fernandez failed in the above-mentioned duties and was therefore negligent.

66. Defendant Carlos Fernandez' negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

67. Defendant Carlos Fernandez is also liable as an alter ego to the Defendant corporations in which he has ownership—Redco, Red Carrier and FEMA—because they are:

   a) fictions used as a means of perpetrating fraud;
   b) corporations organized and operated as mere tools or business conduits;
   c) fictions resorted to as a means of evading an existing legal obligation;
   d) fictions used to circumvent a statute; and
   e) fictions relied upon to justify wrong.

## TWENTIETH CAUSE OF ACTION
*Claim for Exemplary Damages against Carlos Fernandez*

68. All allegations and causes of action above are incorporated into this cause of action by reference.

69. Defendant Carlos Fernandez' actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

70. Defendant Carlos Fernandez' acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness

of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary damages against Defendant Carlos Fernandez.

### TWENTY-FIRST CAUSE OF ACTION
*Negligence of Lorena Martinez (aka Lorena Fernandez Martinez)*

71.   All allegations and causes of action above are incorporated into this cause of action by reference.

72.   Defendant Lorena Martinez had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

73.   Defendant Lorena Martinez failed in the above-mentioned duties and was therefore negligent.

74.   Defendant Lorena Martinez' negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

75.   Defendant Lorena Martinez is also liable as an alter ego to the Defendant corporations  in which he has ownership—Redco, Red Carrier and Fema— because they are:

   a)  fictions used as a means of perpetrating fraud;
   b)  corporations organized and operated as mere tools or business conduits;
   c)  fictions resorted to as a means of evading an existing legal obligation;
   d)  fictions used to circumvent a statute; and
   e)  fictions relied upon to justify wrong.

### TWENTY-SECOND CAUSE OF ACTION
*Claim for Exemplary Damages against Lorena Martinez*

76.   All allegations and causes of action above are incorporated into this cause of action by reference.

77.   Defendant Lorena Martinez' actions demonstrate gross negligence and willful conduct, including a wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

78. Defendant Lorena Martinez' acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary damages against Defendant Lorena Martinez.

## TWENTY-THIRD CAUSE OF ACTION
*Negligence of Alfredo Ramirez*

79. All allegations and causes of action above are incorporated into this cause of action by reference.

80. Defendant Alfredo Ramirez had a duty to act reasonably in hiring, training, supervising and retaining Defendant Samuel F. Rico and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

81. Defendant Alfredo Ramirez failed in the above-mentioned duties and was therefore negligent.

82. Defendant Alfredo Ramirez' negligence was the direct and proximate cause of The Salas Family's deaths and injuries.

83. Defendant Alfredo Ramirez is also liable as an alter ego to the Defendant corporations  in which he has ownership—Redco, Red Carrier and Fema—because they are;

    a) fictions used as a means of perpetrating fraud;
    b) corporations organized and operated as mere tools or business conduits;
    c) fictions resorted to as a means of evading an existing legal obligation;
    d)  fictions used to circumvent a statute; and
    e) fictions relied upon to justify wrong.

## TWENTY-FOURTH CAUSE OF ACTION
*Claim for Exemplary Damages against Alfredo Ramirez*

84. All allegations and causes of action above are incorporated into this cause of action by reference.

85. Defendant Alfredo Ramirez' actions demonstrate gross negligence and willful conduct, including a wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

86. Defendant Alfredo Ramirez' acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary damages against Defendant Alfred Ramirez.

## TWENTY-FIFTH CAUSE OF ACTION
*Negligence of Broker Fernando Mejia dba Mejia Y Gomez Sanudo S.C.*

87. All allegations and causes of action above are incorporated into this cause of action by reference.

88. Defendant Broker Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.) had a duty to reasonably investigate and to hire a reasonably safe motor carrier to haul the shipment in question.

89. Defendant Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.) had a duty to act reasonably in hiring, entrusting, supervising and retaining Defendants Samuel F. Rico, Redco and FEMA to transport cargo in interstate commerce.

90. Defendant Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.) breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carriers, and those breaches directly and proximately caused the damages described in causes of action above.

91. In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, broker, shipper and/or freight forwarder, Fernando Mejia dba Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.) knew, or should have known, and should not have ignored, such facts and indications of Redco's and FEMA's unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## TWENTY-SIXTH CAUSE OF ACTION
*Vicarious Liability of Fernando Meija dba Mejia Y Gomez Sanudo S.C.*

92. All allegations and causes of action above are incorporated into this cause of action by reference.

93. Defendant Samuel F. Rico was the employee, agent, servant, or independent contractor for Mejia Y Gomez Sanudo S.C. ((both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.). Accordingly, Mejia Y Gomez Sanudo S.C (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.) is vicariously liable for the acts of Defendant Samuel F. Rico for the causes of action above.

## TWENTY-SEVENTH CAUSE OF ACTION
*Claim for Exemplary Damages against Fernando Mejia dba Mejia Y Gomez Sanudo S.C.*

94. All allegations and causes of action above are incorporated into this cause of action by reference.

95. Defendant Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.)'s actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

96. Defendant Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.)'s acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant Mejia Y Gomez Sanudo S.C. (both as a corporation and Fernando Mejia dba Mejia Y Gomez Sanudo S.C.).

## TWENTY-EIGHTH CAUSE OF ACTION
*Negligence of John Doe Broker*

97. All allegations and causes of action above are incorporated into this cause of action by reference.

98. Defendant John Doe Broker, an entity whose name has yet to be determined despite due diligence on the part of Plaintiffs, had a duty to reasonably investigate and to hire a reasonably safe motor carrier to haul the shipment in question.

99. Defendant John Doe Broker had a duty to act reasonably in hiring, entrusting, supervising and retaining Defendants Samuel F. Rico, Redco and FEMA to transport cargo in interstate commerce.

100. Defendant John Doe Broker breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carriers, and those breaches directly and proximately caused the damages described in causes of action above.

101. In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, broker, shipper and/or freight forwarder, John Doe Broker knew, or should have known and should not have ignored, such facts and indications of Redco's and FEMA's unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## TWENTY-NINTH CAUSE OF ACTION
*Vicarious Liability of John Doe Broker*

102. All allegations and causes of action above are incorporated into this cause of action by reference.

103. Defendant Samuel F. Rico was the employee, agent, servant, or independent contractor for Defendant John Doe Broker. Accordingly, Defendant John Doe Broker is vicariously liable for the acts of Defendant Samuel F. Rico for the causes of action above.

## THIRTIETH CAUSE OF ACTION
*Claim for Exemplary Damages against John Doe Broker*

104. All allegations and causes of action above are incorporated into this cause of action by reference.

105. Defendant John Doe Broker's actions demonstrate gross negligence and willful conduct, including a conscious indifference and wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

106. Defendant John Doe Broker's acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to others. Further, this Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary or punitive damages against Defendant John Doe Broker.

## THIRTY-FIRST CAUSE OF ACTION
### *Negligence of The Samsung Defendants*

107. All allegations and causes of action above are incorporated into this cause of action by reference.

108. Regardless of employment relationship, Defendants Samsung Electronics America, Samsung Mexico and/or Samsung America had a duty to reasonably investigate and to hire a reasonably safe motor carrier to haul its goods and to adopt and enforce policies, procedures, and rules to ensure that drivers and vehicles were reasonably safe.

109. The Samsung Defendants had a duty to act reasonably in hiring, entrusting, supervising and retaining Defendant Samuel F. Rico, Redco and FEMA to transport cargo in interstate commerce.

110. The Samsung Defendants breached these duties by, among other things, arranging for commercial transportation by an unsafe driver and motor carriers, and those breaches directly and proximately caused the damages described in causes of action above.

111. In addition, especially as a sophisticated and knowledgeable motor carrier, joint venturer, broker, shipper and/or freight forwarder, the Samsung Defendants knew, or should have known, and should not have ignored, such facts and indications of Redco's and FEMA's unfitness to operate safely and comply with the duties of an interstate commercial carrier.

## THIRTY-SECOND CAUSE OF ACTION
### Negligence *per se* of The Samsung Defendants

112. All allegations and causes of action above are incorporated into this cause of action by reference.

113. The Samsung Defendants violated numerous state and federal statutes and regulations including, but not limited to 49 C.F.R. §§ 350-399.

114. The Samsung Defendants' violations of state and federal statutes and regulations directly and proximately caused the death and injuries of Miguel Angel Salas Morales, Miguel Salas Moreno, Juana M. Salas, Luis Salas Moreno and Maria De Los Angeles Almaya Almaraz and other damages to them and the estates described in this Complaint.

115. One or more of The Samsung Defendants are negligent *per se* based on these statutory and regulatory violations.

## THIRTY-THIRD CAUSE OF ACTION
*Claim for Exemplary Damages Against The Samsung Defendants*

116. All allegations and causes of action above are incorporated into this cause of action by reference.

117. The actions of The Samsung Defendants demonstrate gross negligence and willful conduct, including a wanton and reckless disregard for the rights and safety of The Salas Family and the rest of the public.

118. The Samsung Defendants' acts and omissions, when viewed objectively from his standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, these Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs demand exemplary damages against The Samsung Defendants.

## THIRTY-FOURTH CAUSE OF ACTION
*Wrongful Death Claim for Miguel Angel Salas Morales*

119. All allegations and causes of action above are incorporated into this cause of action by reference.

120. Luis Salas Moreno, Carlos Salas Moreno, Cruz Miguel Aguina Morales and Juan Francisco Salas make a consortium claim for loss of service and society of their father, Miguel Angel Salas Morales, including loss of love and affection, companionship, material services, support, aid and assistance, and felicity.

121. Luis Salas Moreno, Carlos Salas Moreno, Cruz Miguel Aguina Morales and Juan Francisco Salas have experienced past grief, mental anguish and bereavement as result of the death of their father, and will experience the same in the future.

122. Juana M. Salas makes a consortium claim for loss of service and society of her husband, Miguel Angel Salas Morales, including loss of love and affection, companionship, impairment of sexual relations, material services, support, aid and assistance, and felicity.

123. Juana M. Salas has experienced past grief, mental anguish and bereavement as result of the death of her husband, and will experience the same in the future.

124. As a direct and proximate result of Defendants' negligence, The Salas Family has lost past and future wages, along with the value of household services and other economic loss as a result of the death of Miguel Angel Salas Morales.

## THIRTY-FIFTH CAUSE OF ACTION
*Survival Action for Miguel Angel Salas Morales*

125. All allegations and causes of action above are incorporated into this cause of action by reference.

126. Miguel Angel Salas Morales survived the collision for a short period of time and experienced pre-death terror, physical pain and mental anguish up to the time of his death.

## THIRTY-SIXTH CAUSE OF ACTION
*Wrongful Death Claim for Miguel Salas Moreno*

127. All allegations and causes of action above are incorporated into this cause of action by reference.

128. Luis Salas Moreno, Carlos Salas Moreno, Cruz Miguel Aguina Morales and Juan Francisco Salas make a consortium claim for loss of service and society of their brother, Miguel Salas Moreno, including loss of love and affection, companionship, material services, support, aid and assistance, and felicity.

129. Luis Salas Moreno, Carlos Salas Moreno, Cruz Miguel Aguina Morales and Juan Francisco Salas experienced grief, mental anguish and bereavement as result of the death of their brother.

130. Juana M. Salas makes a consortium claim for loss of service and society of her son, Miguel Salas Moreno, including loss of love and affection, companionship, material services, support, aid and assistance, and felicity.

131. Juana M. Salas experienced grief, mental anguish and bereavement as result of the death of her son.

132. Maria de Los Angeles Amaya Almaraz makes a consortium claim for loss of service and society of her grandson, Miguel Salas Moreno, including loss of love and affection, companionship, material services, support, aid and assistance, and felicity.

133. Maria de Los Angeles Amaya Almarez experienced grief, mental anguish and bereavement as result of the death of her grandson.

134. As a direct and proximate result of Defendants' negligence, The Salas Family has lost future wages, along with the value of future household services and other future economic loss as a result of the death of Miguel Salas Moreno.

### THIRTY-SEVENTH CAUSE OF ACTION
*Survival Action for Miguel Salas Moreno*

135. All allegations and causes of action above are incorporated into this cause of action by reference.

136. Miguel Salas Moreno survived the collision for a short period of time and experienced pre-death terror, physical pain and mental anguish up to the time of his death.

### THIRTY-EIGHTH CAUSE OF ACTION
*Injury Claim for Juana M. Salas*

137. All allegations and causes of action above are incorporated into this cause of action by reference.

138. Defendants' negligence was the direct and proximate cause of Plaintiff Juana M. Salas' injuries, including but not limited to bodily injury to her chest, head, and arm and emotional pain and suffering.

139. As a direct and proximate result of Defendants' negligence, Juana M. Salas has experienced, physical and mental pain and suffering and will continue to experience mental pain and suffering and has lost the ability to perform her usual activities, resulting in a diminished quality of life.

## THIRTY-NINTH CAUSE OF ACTION
*Injury Claim for Maria De Los Angeles Amaya Almaraz*

140. All allegations and causes of action above are incorporated into this cause of action by reference.

141. Defendants' negligence was the direct and proximate cause of Plaintiff Maria De Los Angeles Amaya Almaraz' injuries, including but not limited to permanent injuries to her right leg and emotional pain and suffering

142. As a direct and proximate result of Defendants' negligence, Maria De Los Angeles Amaya Almaraz has experienced, and will continue to experience, physical and mental pain and suffering and has lost the ability to perform her usual activities, resulting in a diminished quality of life.

## FORTIETH CAUSE OF ACTION
*Injury Claim for Luis Salas Moreno*

143. All allegations and causes of action above are incorporated into this cause of action by reference.

144. Defendants' negligence was the direct and proximate cause of Plaintiff Luis Salas Moreno's injuries, including but not limited to bodily injuries to his neck and chest and emotional pain and suffering.

145. As a direct and proximate result of Defendants' negligence, Luis Salas Moreno has experienced physical and mental pain and suffering and will continue to experience mental pain and suffering and has lost the ability to perform his usual activities, resulting in a diminished quality of life.

## FORTY-FIRST CAUSE OF ACTION
*Negligent Infliction of Emotional Distress*

146. All allegations and causes of action above are incorporated into this cause of action by reference.

147. Juana M. Salas, Luis Salas Moreno and Maria De Los Angeles Amaya Almaraz suffered serious mental anguish and emotional distress from witnessing the death of their husband, son, brother, father, and grandson. Their mental anguish and emotional distress is severe, debilitating, and foreseeable.

## FORTY-SECOND CAUSE OF ACTION
*Prejudgment Interest*

148. All allegations and causes of action above are incorporated into this cause of action by reference.

149. Plaintiffs are additionally entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000) for all causes of action above; plus exemplary damages against Defendants Redco, Red Carrier, FEMA, Fernandez, Martinez, Ramirez, Mejia Y Gomez Sanudo S.C., John Doe Broker  and The Samsung Defendants; and other relief as justice requires or as this Court or the trier of fact sees fit under principles of law and equity; plus interest and costs.

Respectfully submitted,

/s/ Michael Jay Leizerman
Michael Jay Leizerman
Attorney In Charge For Plaintiffs

## JURY DEMAND

Plaintiffs demand a jury for all triable issues.

/s/ Michael Jay Leizerman
Michael Jay Leizerman
Attorney for Plaintiffs