United States District Court
Southern District of Texas
**ENTERED**
December 21, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CRUZ MIGUEL AGUINA MORALES, et al., § § § Plaintiffs, § v. § § REDCO TRANSPORT LTD., et al., § § § Defendants. § | § § § § § § Case No. 5:14-cv-129 § § § § |

CRUZ MIGUEL AGUINA MORALES, §
et al., §
 §
            Plaintiffs, §
v. §
 §   Case No. 5:14-cv-129
REDCO TRANSPORT LTD., §
et al., §
 §
            Defendants. §

## MEMORANDOM AND ORDER

Pending before the Court is the Motion to Dismiss by Defendant Samsung SDS America, Inc. ("SDSA"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 132). Plaintiffs filed a response in opposition (Dkt. 140), and SDSA filed a reply. (Dkt. 142). Plaintiffs also filed a motion for leave to file an instanter sur-reply (Dkt. 143), which was opposed by SDSA. (Dkt. 144).

## BACKGROUND

This case was filed on August 7, 2014. SDSA was added as a defendant in the Third Amended Complaint on July 29, 2015. This is a personal-injury and wrongful-death case arising out of a motor-vehicle collision between Plaintiffs and a tractor trailer loaded with Samsung Electronics refrigerators. For the purposes of this case, SDSA is a freight broker that selected Defendant

JIT Automation, Inc. as a motor carrier.[1]  Plaintiffs assert claims of negligence, negligence per se, and exemplary damages against SDSA.  SDSA's Motion to Dismiss contends that relief cannot be granted because Plaintiffs' state common-law claims are expressly preempted by the Federal Aviation Administration Authorization Act (FAAAA).

## ANALYSIS

In 1994, to buttress its deregulation of the trucking industry, Congress passed the FAAAA's preemption provision for trucking.  49 U.S.C. §14501(c)(1).  The general clause mirrored the airline preemption provision from the Airline Deregulation Act (ADA).  Rowe v. N.H. Motor Transp. Ass'n, 128 S.Ct. 989, 993 (2008).  The general preemption language reads as follows:

> Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. §14501(c)(1).

Paragraph (2) provides a relevant exception to this preemption rule, stating that the above paragraph "shall not

---

[1] SDSA asks this Court to take Judicial Notice that the Federal Motor Carrier Safety Administration (FMCSA) classifies SDSA as a broker. (Dkt. 133).  SDSA provided documentation from FMCSA and Plaintiffs appear to agree that SDSA is a broker.

restrict the safety regulatory authority of a State with respect to motor vehicles." Id. §14501(c)(2)(A).

Specifically, SDSA asserts that Plaintiffs' common-law claims are provisions having the force and effect of law related to SDSA's services as a broker, and thus Plaintiffs' claims should be preempted by the FAAAA. In analyzing SDSA's argument, the Court is guided by two preemption principles: (1) "the purpose of Congress is the ultimate touchstone in every pre-emption case," and (2) "we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." Wyeth v. Levine, 129 S.Ct. 1187, 1194–95 (2009). To decide whether common-law claims are preempted in FAAAA cases, courts scrutinize the underlying facts of the specific causes of action. See Smith v. Comair, Inc., 134 F.3d 254, 259 (4th Cir. 1998); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir. 1996).

The FAAAA's preemption clause generally preempts state enforcement actions that "hav[e] a connection with, or reference to" a carrier or broker's services. Rowe, 128 S.Ct. at 995. Most FAAAA cases relate not to brokers but to motor carriers, and no Supreme Court or Circuit Court opinion has dealt with the extent of a broker's services. Although a majority of district court opinions involving personal injury claims hold that they

**3/6**

do relate to a broker's services, courts are split on the matter. Compare, e.g., Ameriswiss Tech., LLC v. Midway Line of Ill., Inc., 888 F. Supp. 2d 197 (D.N.H. 2012), and Chatelaine, Inc. v. Twin Modal, Inc., 737 F. Supp. 2d 638 (N.D. Tex. 2010), with Montes de Oca v. El Paso-L.A. Limousine Express, Inc., CV 14-9230, 2015 WL 1250139 (C.D. Cal. March 17, 2015). This Court need not resolve this issue if Plaintiffs' claims are protected under the exemption for states' safety regulatory authority.

As the Supreme Court has explained, "Congress' clear purpose in § 14501(c)(2)(A) is to ensure that its preemption of States' economic authority . . . 'not restrict' the preexisting and traditional state police power over safety." City of Columbus v. Ours Garage & Wrecker Serv., Inc., 122 S.Ct. 2226, 2236 (2002). Consequently, both the Supreme Court and Fifth Circuit have refused to narrowly construe the FAAAA's exemption of states' safety regulatory authority. See id. at 2236; Cole v. City of Dallas, 314 F.3d 730, 734 (5th Cir. 2002). The Fifth Circuit has even observed that courts have "on the whole given a broad construction to the safety regulation exception." VRC LLC v. City of Dallas, 460 F.3d 607, 612 (5th Cir. 2006).

This Court finds just two opinions that consider how the safety regulatory exception applies to tort claims. See Owens v. Anthony, 2-11-0033, 2011 WL 6056409 (M.D. Tenn. Dec. 6, 2011) (Campbell, J.); Huntington Operating Corp. v. Sybonney Express,

Inc., Civ. H-08-781, 2010 WL 1930087 (S.D. Tex. May 11, 2010) (Harmon, J.). Of the two, Owens was the only case involving personal injury, and Judge Campbell found that the negligence issues presented there involved highway safety, which had been expressly exempted from the preemption statute. Owens, 2011 WL 6056409, at *4. SDSA argues that Owens is wrong because the safety regulatory exception does not apply to freight brokers, since brokers do not have care, custody, or control over motor vehicles used to transport cargo. However, the FAAAA does not restrict the safety exemption only to those with some control over motor vehicles. Indeed, the Fifth Circuit has noted that §14501(c)(2)(A)'s "safety regulatory authority" is "obviously" broader than 49 U.S.C. §30102(a)'s definition of "Motor Vehicle Safety," which refers to "the performance of a motor vehicle . . . in a way that protects the public . . . against unreasonable risk of death or injury in an accident." Cole, 314 F.3d at 733; 49 U.S.C. §30102(a)(8). Plaintiffs' claims against SDSA essentially assert that SDSA's negligence led to an unreasonable risk of death or injury in a motor vehicle accident.

The case of Huntington Operating Corp., although not involving personal injury, is at odds with the Owens conclusion. See 2010 WL 1930087, at *3. In Huntington, Judge Harmon concluded that the §14501(c)(2)(A) exception "refers solely to the ability of the several states to define safety standards and

5/6

insurance requirements" and "is not read to permit a private right of action." Id. Yet, negligence claims can certainly fall within states' regulatory authority, because negligence is the common-law regulation of misconduct. This Court agrees with Owens that negligence claims like the ones here are part of the states' safety regulatory authority.

## CONCLUSION

Plaintiffs' personal injury claims are part of a state's safety regulatory authority and are exempted from FAAAA preemption by 49 U.S.C. §14501(c)(2)(A). Accordingly, SDSA's Motion to Dismiss (Dkt. 132) is DENIED. Plaintiffs' Motion for leave to file an instanter sur-reply (Dkt. 143) is DENIED as moot. The case is returned to Magistrate Judge Scott Hacker for further pretrial processing.

DONE at Laredo, this 21st day of December, 2015.

_____
George P. Kazen
Senior United States District Judge