United States District Court
Southern District of Texas
**ENTERED**
April 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CRUZ MIGUEL AGUINA MORALES, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 5:14-cv-129 |
| REDCO TRANSPORT LTD., et al., | § § § | |
| Defendants. | § | |

## MEMORANDOM AND ORDER

Pending before the Court is a Motion for Summary Judgment by Defendant Livingston International, Inc., filed March 8, 2016. (Dkt. 187). Livingston moves for summary judgment on all of Plaintiffs' claims against it: negligence, vicarious liability, and exemplary damages for gross negligence. All claims relate to Livingston's alleged selection or supervision of driver and motor-carrier defendants. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Livingston submits as evidence a commercial invoice from Samsung Electronics Mexico and excerpts of depositions of representatives for co-defendants. Statements of deposed witnesses and the invoice show that Samsung Electronics Mexico arranged for

refrigerators to be delivered to a Samsung Electronics America end customer in Mississippi.  Multiple witnesses also stated that Livingston was only hired as a customs broker by Samsung Electronics Mexico to ensure that the shipment passed through customs from Mexico to the United States.  Witnesses further stated that Livingston had no role in selecting or hiring any motor carrier or driver in the Shipment.

Plaintiffs made the following response, without substantially answering the merits of Livingston's motion:

> Plaintiffs do not oppose Livingston International's Motion for Summary Judgment (Dkt. #187), but only to the extent that no other Defendant contends that there are factual questions that would allow a jury to apportion fault to Livingston.  If no other Defendant attempts to argue or apportion fault on the part of Livingston, Plaintiffs do not oppose the motion.

(Dkt. 201).  It is curious how Plaintiffs think a Defendant might be able to control the actions of co-Defendants, and the Court does not believe a summary judgment order could be conditional.  No other Defendants responded to Livingston's Motion for Summary Judgment.  The Court also reviewed the answers of Defendants, and no answer attempts to assign fault to Livingston.

The evidence presented by Livingston, combined with the complete lack of any substantial response by the Plaintiffs, prompts the Court to rule that there is no genuine dispute of material fact.  Livingston is entitled to judgment as a matter of law.

Accordingly, Livingston's Motion for Summary Judgment (Dkt. 187) is GRANTED.

DONE at Laredo, Texas, this 4th day of April, 2016.

_____
George P. Kazen
Senior United States District Judge